Scott M. Grace S.B.N. 236621
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: 619-346-4600
Fax: 619-923-3661

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD SCHWEIHS,<br><br>Plaintiff,<br><br>vs.<br><br>CREDITORS DISCOUNT & AUDIT CO.,<br><br>Defendant. | Case No.: **'16CV1402 L    BLM**<br><br>COMPLAINT<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, TODD SCHWEIHS, (hereinafter PLAINTIFF) for violations by CREDITORS DISCOUNT & AUDIT CO. (Hereinafter DEFENDANT) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, *California Civil Code* § 1788 *et seq.* (hereinafter Rosenthal Act"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's repeated violations of the FDCPA under 15 U.S.C. §1692, *et seq*. and repeated violations of the California Rosenthal Act under California Code of Civil Procedure §1788, *et seq*.

5. Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, and 28 U.S.C. § 1337.

7. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendant for purposes of this action.

## THE PARTIES

8. Plaintiff is a natural person residing in San Diego, California, and is a consumer within the meaning of 15 U.S.C. § 1692a(3) of the FDCPA in that he is a natural person purportedly obligated to pay a debt, allegedly owed to Creditors Discount & Audit Co., (hereinafter "Debt") and a "debtor" as that term is defined by § 1788.2(h) of the California Rosenthal Act.

9. At all times relevant herein, Defendant was a person and/or business entity who uses instrumentalities of interstate commerce in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by 15 U.S.C. § 1692a(6) of the FDCPA and Cal. Civil Code §1788.2(c) of the Rosenthal Act.

11. Defendant Creditors Discount & Audit Co. is an Illinois entity with a corporate office address of 415 East Main Street, Streator, IL 61364.

## FACTUAL ALLEGATIONS

12. Prior to November 12, 2013, Plaintiff allegedly became delinquent in the payment on a debt allegedly owed to Pronger Smith Medical Clinic. Plaintiff currently neither admits nor denies that the alleged debt is valid.

13. On or around November 12, 2013, the alleged debt was assigned, placed, or otherwise transferred to Defendant for collection.

14. On or about March 3, 2016, Defendant called Plaintiff on his cellular telephone at 7:31 a.m. Pacific Standard Time, and continued to call Plaintiff repeatedly prior to 8:00 a.m. Pacific Standard Time. Plaintiff advised Defendant that it was prior to 8:00 a.m. and instructed Defendant to stop calling him so early.

15. Despite Plaintiff instructing Defendant to stop contacting him so early, on or about March 19, 2016, Defendant called Plaintiff again on his cellular telephone at 7:33 a.m. Pacific Standard Time.

16. On or about March 26, 2016, Defendant sent a collection letter to Plaintiff at his address located in San Diego, CA (Exhibit 1). This action indicates the Defendant had constructive and actual notice that Plaintiff resided in the Pacific Time zone, and thus indicates that Defendant's inappropriate actions were undertaken knowingly.

17. On or about April 9, 2016, despite Plaintiff instructing Defendant to stop contacting him prior to 8:00 a.m. Pacific Standard Time, Defendant called Plaintiff on his cellular telephone again at 7:26 a.m. Pacific Standard Time.

18.     By communicating with Plaintiff, as stated above, before 8:00 a.m., a presumptively and actually inconvenient time under 15 U.S.C. § 1692c(a)(1), Defendant violated 15 U.S.C. § 1692c(a)(1).

19.     By engaging in the foregoing conduct the natural consequence being harassment and oppression of Plaintiff in connection with the collection of a debt, Defendant violated 15 U.S.C. § 1692d.

20.     Plaintiff was harmed by the acts of Defendant because the repeated calls to Plaintiff in the early morning while he was still asleep were made with the intent to annoy, abuse and/or harass, and caused Plaintiff stress, anxiety, loss of sleep, and overall diminished abilities to carry on activities of daily living.

21.     At all times herein, Defendant was attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a (5) of the FDCPA and a consumer debt as defined by Cal. Civil Code § 1788.2(f) of the Rosenthal Act.

## **FIRST CLAIM FOR RELEIF**
### (Violations of the FDCPA)

22.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

23.     Defendants violated the FDCPA. The violations include, but are not limited to, the following:

    (1) communicating with the consumer at any unusual time or place or time or place known or which should have been known to be inconvenient to the consumer in violation of 15 U.S.C. §1692c(a)(1) of the FDCPA;

    (2) engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692d.

24.     As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

## SECOND CLAIM FOR RELEIF

**(Claim for violations of the Rosenthal Act)**

25. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

26. Defendant's acts and omissions violated the Rosenthal Act including, but not limited to Cal. Civil Code §1788.17. Defendant's violations of Cal. Civil Code § 1788.17 of the Rosenthal Act (which incorporates provisions of the FDCPA) include, but are not limited to those enumerated in paragraph 23 above.

27. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civil Code § 1788.30(b) of the Rosenthal Act.

28. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA against Defendants and each of them;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA against Defendant;

3. An award of actual damages pursuant to Cal. Civil Code § 1788.30(a) of the Rosenthal Act, against Defendant;

4. An award of statutory damages of $1,000.00 pursuant to Cal. Civil Code § 1788.30(b) of the Rosenthal Act against Defendant.

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k (a)(3) of the FDCPA against Defendant, and Cal. Civil Code § 1788.30(c) of the Rosenthal Act, against Defendant.

6.      Such other and further relief this court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated June 8, 2016

Luftman, Heck and Associates
By s/ Scott M. Grace
Attorney for Plaintiff
Email: sgrace@lawlh.com